## TARRANTS v. GOUDIE

1. BOUNDARIES — ESTABLISHMENT — LONG-ESTABLISHED LINES — ACQUIESCENCE.

   Long-established occupational lines are not to be disturbed by recent surveys and acquiescence in the practical location of a boundary line by a common grantor can establish the boundary line.

2. VENDOR AND PURCHASER—LAND CONTRACT—REFUSAL TO PAY—INACCURATE BOUNDARIES.

   Defendants legitimately stopped payment on a land contract, entered into in 1962, where a survey, conducted in 1967 by a third party, showed that the boundary lines in the land contract were inaccurate.

3. BOUNDARIES—ACQUIESCENCE—CONVEYANCE OF LAND—COMPENSATION.

   Acquiescence by third-party defendants in a boundary line located 15 feet south of the legal description of defendants' property line required the third-party defendants to convey, without compensation, the 15 feet in order to make defendants' legal description conform to their occupational lines.

---

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 12 Am Jur 2d, Boundaries § 85 *et seq.*
   Establishment of boundary line by oral agreement or acquiescence. 69 ALR 1430, supp. 113 ALR 421.
[2] 55 Am Jur, Vendor and Purchaser § 592.

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 April 8, 1971, at Lansing. (Docket No. 7559.) Decided April 20, 1971.

Complaint by Orvil E. Tarrants and Angela B. Tarrants against Edward R. Goudie and Nadja A. Goudie, for foreclosure of land contract. Third-party complaint by defendants against Alvy E. Markee and Verna L. Markee. Judgment determining the rights of the parties and ordering certain acts to be performed. Third-party defendants appeal. Defendants cross-appeal. Remanded with instructions for entry of new judgment.

*Stacey DeCamp,* for plaintiffs.

*Frank L. Talkow,* for defendants.

*Douglas H. P. Hall,* for third-party defendants.

Before: QUINN, P. J., and R. B. BURNS and MC-GREGOR, JJ.

QUINN, P. J. Plaintiff vendors filed this action to foreclose a land contract. Defendant vendees filed their answer, a cross-complaint, and a third-party complaint by which they sought a survey to determine the boundary line between them and third-party defendants, revision of the land contract, removal of a fence, and for damages. At the conclusion of hearings, the trial court filed written findings of fact and an opinion. Third-party defendants moved for rehearing on the basis of newly-discovered evidence. This motion was denied and judgment entered. Third-party defendants appeal from the judgment and from the order denying rehearing. Defendants filed a cross-appeal.

The findings of fact by the trial court are supported by the record and they disclose:

1. About 1949, Elliott Gabriel and wife purchased a farm of 70–75 acres. They occupied the farmhouse which was located somewhat south of the center of the farm (A on attached chart).

2. Gabriels gave their daughter and son-in-law, the third-party defendants, ten acres south of the farmhouse on which third-party defendants built their home at a point about 200 feet south of the farmhouse (B on chart). January 12, 1952, Gabriels sold third-party defendants the south half of the farm except the ten acres already conveyed and except, "Beginning at the northeast corner of the south half * * * thence west 600 feet, thence south 125 feet, thence east 600 feet, thence north 125 feet to the point of beginning." (1, 2, 3, 4 on chart). The south line of the latter description came within one foot, ten inches of the south wall of the farmhouse, a fact not realized by Gabriels or third-party defendants at the time.

3. In 1957, widow Gabriel sold the farmhouse, the 125 by 600 foot lot, and the north half of the farm to plaintiffs who were told by Mrs. Gabriel that the south line was about 25 feet south of the farmhouse.

4. In 1962, plaintiffs sold their property on land contract to defendants Goudie. In July of 1967, third-party defendants had their property surveyed and the present controversy was born. That survey fixed third-party defendants' north line at a point one foot, ten inches south of the farmhouse now occupied by defendants Goudie. Third-party defendants placed a four foot cyclone fence on that line, after which Goudies refused to pay on their land contract with plaintiffs.

5. From evidence of an old fence about 25 feet south of the farmhouse, use of an outhouse (C on chart) by Gabriels, the regular mowing of land south of the farmhouse by Gabriels, a fence built in 1955 by third-party defendants about 15 feet south of the farmhouse, trees south of the farmhouse and the natural topography of the land south of the farmhouse, the trial court determined that third-party defendants had acquiesced in a line 15 feet south of their north line as fixed by their legal description for fifteen and one-half years, and that plaintiffs and Goudies honestly believed the south line of their property to be 15 feet south of where the 1967 survey placed it.

On the basis of this determination, the judgment entered ordered plaintiffs to pay third-party defendants $600 and the latter to quitclaim to plaintiffs a strip of land 15 feet wide and 600 feet deep adjacent to plaintiffs' south line, the land contract between plaintiffs and Goudies was amended to include the 15 foot strip and $600 was added to the purchase price of the contract. The judgment further excused Goudies from the obligation to make land contract payments from July 1967 to May 1, 1969 (date of last payment to date of decision), but Goudies were required to pay interest as it accrued on the July 1967 balance on the land contract and taxes. These obligations were to be charged against $7,500 paid by Goudies to plaintiffs during pendency of the law suit and any balance of the $7,500 was to be credited to the principal of the land contract. In the event the interest and tax payments exceeded $7,500, Goudies were required to pay the excess. The judgment also required removal of the fence that is one foot ten inches from the south line of Goudies' house.

On appeal, defendants assert as error the award of 15 feet south of their house, claiming they are entitled to 25 feet, the failure to award them damages for decreased value of their property, and credit for interest paid on the theory that the contract price covered the purchase of 25 feet more land than they were actually receiving.

Third-party defendants seek as appellate relief a determination as a matter of law that no cause of action exists as to them or a remand for further proceedings below.

It is apparent from the record that except for the survey of third-party defendants in July 1967, and the fence they built pursuant to that survey, defendants and third-party defendants would be peacefully occupying premises whose dividing line would be approximately where the trial court fixed it. Also apparent is the fact that the error disclosed by this survey was discoverable by Gabriels and third-party defendants from January 12, 1952, when the former sold to the latter. This error was discoverable by plaintiffs if they had fixed their south lot line by survey rather than by accepting the word of Mrs. Gabriel. If defendants had required or obtained a survey rather than accepting plaintiffs' word as to the location of the south lot line, defendants would have discovered the error.

Long established occupational lines are not to be disturbed by recent surveys, *Daley* v. *Gruber* (1960), 361 Mich 358, and acquiescence in the practical location of a boundary line by a common grantor can establish the boundary line, *Maes* v. *Olmsted* (1929), 247 Mich 180. The later survey created no rights but it did require adjustments to conform to the occupational boundary line. The error disclosed by the survey was a legitimate reason for defendants

to stop payment on the land contract until those adjustments were made.

The trial court correctly resolved the issues except for one item. Having found that defendants' south property line should be 15 feet south of the point where their legal description places the south line on the basis that third-party defendants had acquiesced in a line so located, the latter should receive no compensation for the 15 feet they are required to convey to make defendants' legal description conform to their occupational description.

With respect to the errors asserted by third-party defendants, a cause of action was stated against them and the trial court did not abuse its discretion in denying their motion for new trial on the basis of newly-discovered evidence.

Remanded for entry of a judgment in favor of plaintiffs which shall fix the amount now due on the land contract and order the payment thereof by defendants forthwith. The judgment shall also order third-party defendants to convey the 15 by 600 foot strip to defendants and order third-party defendants to remove the fence. Plaintiffs may recover costs in this Court from third-party defendants.

All concurred.